CHALON GUARD, *ex dem.* JESSE J. ROBINSON, appellant, *v.* STEPHEN R. ROWAN, appellee.

*Appeal from Gallatin.*

Under the acts of 1827 and 1829, in relation to the recording of deeds, *bona fide* subsequent purchasers and mortgagees only are protected against the operation of an unrecorded deed.

A *bona fide* purchaser is one without notice of a prior claim or incumbrance.

The object of the recording law is to furnish notice, but, in default of recording, the purposes of the law are effected by notice in any other manner.

No difference exists between a purchaser at private sale, and one at a sheriff's sale.

B., on the 11th of December, 1832, sold and conveyed a tract of land to R., and R. neglected to have his deed recorded until December 11th, 1833. At the time the conveyance was made to R., the statute made unrecorded deeds void only as to *bona fide* subsequent purchasers or mortgagees, and then only after the expiration of six months from their execution. On the 18th of January, 1833, an act was passed, requiring that from and after the first day of August then next, all deeds and other title papers, which are required to be recorded, should take effect and be in force from and after the filing of the same for record, and not before, as to all creditors and subsequent purchasers, without notice ; and all such deeds and title papers should be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same should be filed for record in the county where the said lands may lie. On the 10th of September, 1833, H. recovered a judgment against B., under which the land conveyed to R. was sold, and purchased by K. At the sale, the sheriff gave notice of R.'s deed : *Held,* that R.'s deed took effect under the law in force at the time of its execution, and that the act of 1833 could not affect it.

The act of 1833, in relation to the recording of deeds, &c., is a remedial law, and

is not retrospective in its operation. A court will never give to a law such an operation, unless compelled to do so by language so clear and explicit as to admit of no other interpretation.

THIS cause was tried in the Gallatin Circuit Court, at the September term, 1839, before the Hon. W. B. Scates and a jury. Verdict and judgment were rendered for the appellee.

W. J. GATEWOOD, for the appellant, cited Acts of 1827, (1) 1829; (2) R. L. 135, 138, 587, 588; (3) Roberts on Frauds 262, 265, 268; Sugden's Vend. 623 ; 5 Monroe 581.

S. T. LOGAN and H. EDDY, for the appellee, cited 2 Sugden's Vend. 254, 336 ; 8 Johns. 140; 9 Johns. 168; 10 Johns. 461 ; Fonb. Eq. 148, 156 ; 4 Monroe 196.

WILSON, Chief Justice, delivered the opinion of the Court:

This was an action of *ejectment* instituted by Robinson against Rowan, in the Gallatin Circuit Court.

The facts of the case, as they appear by the record, are, that the land in dispute was owned by John Bays, and sold by him to the defendant Rowan, by deed bearing date the 11th of December, 1832, which was recorded on the 11th of December, 1833. On the 10th of September, 1833, Curtis Hill obtained a judgment against Bays, to satisfy which the land in question was levied on, on the 23d of December, 1833, and sold by the sheriff, on the 14th of March, 1836, and Robinson, the lessor of the plaintiff, became the purchaser, and subsequently received a deed from the sheriff, the premises not being redeemed. On the day of sale, the sheriff gave notice generally, and informed Robinson, who was the attorney of Hill, before the land was sold, that Rowan had a deed for the same land, which was recorded. Upon the trial, the plaintiff's counsel moved the Court for the following instructions: First, That any notice or knowledge of Rowan's title, by a purchaser at sheriff's sale, would not affect or invalidate his title, nor would any notice which the judgment creditor might have had, or his attorney at law.

Secondly, That the defendant's deed, not having been recorded before the rendition of the judgment under which the plaintiff claims title, is void, in law, as to said judgment and creditor thereof.

These instructions the Court refused to give, and the plaintiff excepted.

This refusal of the Court is now assigned for error. The correctness of the decision of the Court, in refusing these instructions, depends upon the proper construction of the several acts of the legislature regulating the manner, and declaring the effect, of recording deeds and other writings. The act of 1827 requires all deeds, &c., for land, to be recorded within twelve months after

(1) Gale's Stat. 152, 153.          (2) *Ibid.* 155, 156.          (3) *Ibid.* 663, 664.

their execution ; and if not recorded within that time, they shall be adjudged void against any *bona fide* subsequent purchaser or mortgagee, for valuable consideration, unless such deed, &c., shall be recorded before the recording of the deed, &c., under which the subsequent purchaser or mortgagee shall claim title. By an amendment to this act, in 1829. the time for recording deeds was limited to six months. Rowan became a purchaser, and received his deed from Bays under these acts, by the terms of which it will be perceived that *bona fide* subsequent purchasers and mortgagees only are protected against the operation of an unrecorded deed, and that only upon the first purchaser's failing to have his deed recorded prior to that of the subsequent purchaser. Under these acts, then, a deed is valid and binding, not only between the parties, but against all others, except a *bona fide* subsequent purchaser, &c., whose deed is first recorded. Robinson does not come within the exception specified. He is not a *bona fide* purchaser, nor was his deed recorded prior to Rowan's. A *bona fide* purchaser is one without notice of a prior claim or incumbrance. The object of the recording law was to furnish this notice, but in default of recording, the purposes of the law are effected by notice in any other manner. No difference exists between a purchaser at private sale, and one at a sheriff's sale.

It is insisted, however, that Hills acquired a lien upon the land in controversy by virtue of his judgment against Bays, which was rendered after the conveyance to Rowan, and before it was recorded ; and that the sheriff's sale to Robinson, under that judgment, vested in him the title thus acquired. In support of this position, the law making judgments a lien upon the land of the defendant, and the act of 1833, which declares unrecorded deeds void as to creditors, &c., are relied upon. Hill's judgment undoubtedly gave him a lien on the land owned by Bays at the time of its rendition, but it certainly gave him no lien upon the land owned by any other one ; and, according to the law in force at the time Bays conveyed this land to Rowan, his deed divested him of all title, and vested it in Rowan ; and, although unrecorded, it was obligatory not only between the parties, but equally so against the creditors of Bays, unless impeached upon the ground of fraud. Under this view of the case, the instructions asked for were properly refused.

The act of 1833, however, made an alteration in the effect and validity of unrecorded deeds, in relation to the creditors of the vendor. But does that act furnish the rule for the government of this case ? Whatever may be its prospective operation, it would be alike in conflict with justice and the rules of interpretation, for this statute to relate back to December, 1832, at which time the title to the land sued for was, by virtue of the conveyance from Bays to the defendant, legally vested in Rowan, and thus, by construction, take from him his vested legal rights, in favor of one who had no

legal or equitable claim.  I have shown, that prior to 1833, and when Bays conveyed to the defendant, Rowan, the law did not require the deed to be recorded to protect the land against the claim of the creditors of the vendor.   It is in reference to that law, then, that we are bound to suppose the parties made their contract ; and that law, therefore, should furnish the rule by which their respective rights and obligations should be tested ; and it is not by construction that the Court will be warranted in the imposition of additional liabilities.   The act of 1833 is a remedial law, designed for the purposes of justice.

The recording law of 1833 is not necessarily retrospective in its terms ; and a Court will never give to a law such an operation, unless compelled to do so by language so clear and explicit, as to admit of no other interpretation ; neither the language of this statute, therefore, nor the purposes of justice, will warrant such a construction as to allow it a retrospective operation.   It is a remedial statute, but to give it the construction contended for, by which liabilities and duties are imposed upon purchasers which were neither known to the law, nor contemplated by them when they contracted, would convert it into a penal one.   It is only in the degree of injustice and hardship, that such a law differs from an *ex post facto* law, an evil of sufficient magnitude to be forbidden by the Constitution.   As the Court cannot, therefore, regard the title of the defendant, Rowan, to the land in question, as affected by the law of 1833, but is of opinion that its validity depends entirely upon the law in force at the time Rowan purchased the land from Bays, it necessarily follows, that the Court decided correctly in refusing to give the instructions required, in reference either to the effect of the notice to the plaintiff, or to the judgment against the vendor of the defendant.

The judgment is affirmed, with costs.

*Judgment affirmed.*